# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

DEMARCUS RONTREZ ROBINSON                                          PETITIONER

v.                              NO. 5:14-cv-00211 BSM/HDY

RAY HOBBS, Director of the                                        RESPONDENT
Arkansas Department of Correction

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

-1-

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

RECOMMENDATION

On August 5, 2013, petitioner Demarcus Rontrez Robinson ("Robinson") was confined in the Arkansas Department of Correction ("ADC") in the custody of respondent Ray Hobbs ("Hobbs"). Robinson was charged with two separate disciplinaries as a result of separate incidents that occurred that day. The first incident occurred at approximately 9:55 a.m. ("first disciplinary"), see Document 15, Exhibit 3 at 1-2, and the second incident occurred at approximately 10:17 a.m. ("second disciplinary"), see Document 15, Exhibit 8 at 1-2.

On August 9, 2013, Robinson was charged with a disciplinary ("third disciplinary") as a result of an incident that occurred at 4:15 p.m. that day and which appears to have been unrelated to the incidents giving rise to the first and second disciplinaries. See Document 19, Exhibit 1A at 1-2. A hearing on the third disciplinary was conducted on August 16, 2013, at the conclusion of which he was convicted of violating several sections of the ADC institutional code. See Document 19, Exhibit 1A at 1-2.

On August 20, 2013, a hearing was conducted on the first and second disciplinaries. At the conclusion of the hearing, Robinson was convicted of the ADC institutional code violations alleged in the disciplinaries. See Document 15, Exhibit 5 at 1-2, and Document 15, Exhibit 9 at 1-2. The parties agree that he was not present at the August 20, 2013, disciplinary hearing. They disagree, though, as to why he was not present at the hearing, and their disagreement rests at the heart of this case.

-3-

Robinson commenced the case at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In the petition, he advanced the following two claims: first, his due process rights were violated when he was found guilty of the first and second disciplinaries at a hearing that he did not attend and did not waive his right to attend; and second, he was falsely imprisoned when he was assigned to punitive isolation as punishment for the disciplinaries. He supported his claims with the following assertions:

> I had surgery on my testicles on August 6, 2013, and could not walk without excruciating pain. On August 16, 2013, a wheelchair was used to carry me to a disciplinary hearing which should have disposed of the disciplinary charges at issue, however, only one disciplinary was heard by the disciplinary hearing officer and the other two disciplinaries were extended. On August 20, I was scheduled for a disciplinary hearing on the remaining two disciplinaries. Cpl. Nalls came to my cell and asked me if I was able to walk to the disciplinary hearing without a wheelchair, and I said no, that I needed a wheelchair. Cpl. Nalls left my cell and I assumed he was going to get a wheelchair. The next time I [saw] Cpl Nalls, a couple [of] hours later, he gave me the two disciplinary action sheets which inform[ed] me that my hearing was held in my absence. I never waived my hearing nor was I asked if I wanted to waive my [appearance at the] hearing. I later received a copy of the falsified disciplinary hearing waiver form … dated 8-20-13 and timed at 1:30 p.m. When I examined and compared the falsified disciplinary hearing waiver with the resulting disciplinary action sheet[s] …, I noticed a discrepancy which proves the disciplinary hearing waiver form was falsified. The disciplinary hearing was scheduled for two separate incidents, one of which started at 1:27 p.m. and concluded at 1:29, the other disciplinary hearing started at 1:30 p.m. and was concluded at 1:32. … Which means that both disciplinaries had already been heard and ruled upon by the disciplinary hearing officer before Cpl. Harris falsified the disciplinary hearing waiver form at 1:30 p.m. Also, security camera footage will show that Cpl. Harris never came to my cell nor did I ever see her that day …

See Document 2 at 7-8.

-4-

Hobbs filed a response to the petition and maintained that it should be dismissed. He so maintained, in part, because Robinson's claims warrant no relief as he was afforded all the process he was due at the August 20, 2013, disciplinary hearing.

Robinson filed a rebuttal to Hobbs' response. In the rebuttal, Robinson addressed a number of issues, one of which was Hobbs' assertion that Robinson was afforded all the process he was due at the August 20, 2013, disciplinary hearing. Robinson maintained that he was not afforded all of the rights guaranteed by the Constitution.

"In a prison disciplinary proceeding, the prisoner must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, consistent with correctional goals and safety, to call witnesses and present a defense; and (3) a written statement of the evidence relied upon by the fact finder and the reasons for the disciplinary action." See Dible v. Scholl, 506 F.3d 1106, 1110 (8th Cir. 2007) [citing Superintendent v. Hill, 472 U.S. 445 (1985); Wolff v. McDonnell, 418 U.S. 539 (1974)]. The requirements of due process are satisfied if there is "some evidence" in the record to support the disciplinary action. See Superintendent v. Hill, supra. (relevant question is whether there is some evidence supporting conclusion reached by disciplinary board).

Robinson maintains that he was prevented from attending the August 20, 2013, hearing on the first and second disciplinaries because he was not provided a wheelchair, and he did not waive his right to attend. In support of his assertion, he notes that ADC officials had provided him with a wheelchair on August 16, 2013, to attend the hearing on the third disciplinary.

The undersigned has reviewed the record and finds that Robinson's claims warrant no relief for two reasons. First, there is some evidence to support the disciplinary. The disciplinary hearing officer could and did rely upon the charging officer's statement in convicting and punishing Robinson for the first disciplinary. See Document 15, Exhibit 5 at 1-2; Document 15, Exhibit 3 at 1-2. The disciplinary hearing officer could and did also rely upon the charging officer's statement in convicting and punishing Robinson for the second disciplinary. See Document 15, Exhibit 8 at 1-2; Document 15, Exhibit 9 at 1-2.

Second, the procedural problem raised by Robinson, i.e., ADC officials refused to provide him with a wheelchair to attend the August 20, 2013, hearing on the first and second disciplinaries, does not warrant disturbing the result of the disciplinaries. It is true that ADC officials refused to provide him with a wheelchair, but they could and did rely upon the representation of an infirmary supervisor, a supervisor identified as "Mr. W. Kirk," who advised ADC officials that Robinson did not need a wheelchair to attend the hearing. See Document 15, Exhibits 6 and 10. The undersigned will not second-guess their decision to not provide Robinson with a wheelchair. When he refused to attend the hearing without a wheelchair, a wheelchair ADC officials could reasonably believe he did not need, he waived his right to attend the hearing.

On the basis of the foregoing, it is recommended that Robinson's petition be dismissed, all requested relief be denied, and judgment be entered for Hobbs. In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases In The United States District Courts, a certificate of appealability should also be denied.

DATED this ___15___ day of September, 2014.


_____
UNITED STATES MAGISTRATE JUDGE